Filed 1/17/24  P. v. Sandigo CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

     Plaintiff and Respondent,

v.

DANIEL SALVADOR SANDIGO,

     Defendant and Appellant.

E081197

(Super.Ct.No. FWV06451)

OPINION

APPEAL from the Superior Court of San Bernardino County.  Michael A. Camber, Judge.  Affirmed.

Daniel Salvador Sandigo, in pro. per.; and Russell S. Babcock, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

# I.

# INTRODUCTION

Defendant and appellant Daniel Salvador Sandigo carjacked a vehicle, and while in pursuit by officers struck another car, resulting in the death of two of the occupants. Defendant appeals from a postjudgment order denying his petition for resentencing of his first degree murder convictions (Pen. Code,[1] § 187) under section 1172.6 (formerly section 1170.95). Appointed counsel has filed a brief under the authority of *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), requesting this court to conduct an independent review of the record. In addition, defendant has had an opportunity to file a supplemental brief with this court and has done so. We have considered defendant's arguments and affirm the trial court's postjudgment order summarily denying defendant's section 1172.6 petition. (*Delgadillo*, at pp. 231-232.)

# II.

# FACTUAL AND PROCEDURAL BACKGROUND[2]

Sometime after 2:00 a.m. on January 30, 1995, defendant, using a screwdriver and threatening to kill him, forced a man from his car at the drive-through of a fast food restaurant. While a second man held down the victim outside the car, defendant started

---

[1] All future statutory references are to the Penal Code.

[2] A summary of the factual background is taken from defendant's nonpublished direct appeal following his conviction, case No. E018375, which is found in the clerk's transcript. (*People v. Sandigo* (Nov. 26, 1997, E018375).)

2

up the victim's vehicle and then ran out and grabbed the victim's wallet. Defendant then solely fled in the victim's vehicle.

At approximately 2:34 a.m., Ontario Police Officer Brad Bristow heard the radio transmission regarding the carjacking and observed a car matching the description of the stolen vehicle. When defendant saw the officer, he accelerated, driving at speeds between 80 to 90 miles per hour on surface streets, and a chase ensued. Officer Bristow activated his car's siren and overhead lights, but defendant continued to accelerate, making no effort to stop. At one point, defendant "blacked out" his car lights.

During the high speed chase, defendant ran a red light and drove into an intersection, striking a small vehicle. Defendant ran into the driver's door of the car and both cars lost control. Two people in the small vehicle defendant struck were killed and a third man was badly injured. Defendant fled on foot and was eventually apprehended.

On December 20, 1995, a jury convicted defendant of two counts of first degree murder (§187, subd. (a)) with the special circumstances he was convicted of multiple murders and was engaged in immediate flight from a robbery (§190.2, subd. (a)(3), (a)(17)), one count of carjacking while armed with a deadly weapon (§§ 215, subd. (c), 12022, subd. (a)(2)), and one count of second degree robbery (§ 211). Defendant was sentenced to two life terms without the possibility of parole plus 20 years.

After defendant appealed, this court struck the order for restitution and affirmed the judgment as modified in a nonpublished opinion filed on November 26, 1997.

On December 16, 2022, defendant filed a petition for resentencing pursuant to section 1172.6. In his petition, defendant declared that a complaint, information, or indictment was filed against him that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime; he was convicted of murder following a trial; and he could not presently be convicted of murder because of changes made to sections 188 and 189, effective January 1, 2019. (§ 1172. 6, subds. (a)(1)-(a)(3).) Defendant requested the appointment of counsel.

The trial court appointed counsel for defendant. The parties thereafter filed their briefs in response to defendant's section 1172.6 petition. A hearing on defendant's petition was held on April 21, 2023. Defendant's counsel waived defendant's appearance at the hearing and argued that defendant had made a prima facie showing for eligibility and thus an evidentiary hearing should be set. The prosecutor submitted on the briefing. The trial court denied defendant's section 1172.6 petition, explaining as follows: "After reviewing the petition, the People's response, the petitioner's response to the response, and the record of conviction, the Court finds that the petitioner has failed to make a prima facie showing that he is entitled to relief. The petition for resentencing is denied. [¶] The finding is based on the following—and I'll just quote from the People's response—'Penal Code section 1170.95,' which is now 1172.6, 'fails on its merits if the defendant was a major participant in the underlying felony and acted with reckless

4

indifference to human life.' [¶] Based on the record of conviction in this case, the defendant was not only a major participant but the sole participant in the murder and acted with reckless indifference to the lives of these two victims; therefore, the Court is going to deny the petition." Defendant timely appealed.

## III.

## DISCUSSION

After defendant appealed, appointed appellate counsel filed a brief under the authority of *Delgadillo*, *supra*, 14 Cal.5th 216, setting forth a statement of the case and a summary of the procedural background. (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*); *Anders v. California* (1967) 386 U.S. 738 (*Anders*).) Counsel considered potential issues on appeal but found no specific arguments as grounds for relief, and requests that we exercise our discretion and independently examine the appellate record for any arguable issues. Under *Anders*, which requires "a brief referring to anything in the record that might arguably support the appeal" (*Anders*, at p. 744), counsel raises the following issues: (1) whether a murder conviction for a driving under the influence event qualifies for relief under section 1172.6; (2) whether any of the recent appellate opinions provide defendant with a basis for relief; (3) whether the trial court erred in proceeding with the hearing without an express waiver from defendant; and (4) whether the court improperly relied upon the statement of facts from the prior appellate opinion.

We offered defendant an opportunity to file a personal supplemental brief, and he has done so. Defendant argues the trial court erred in denying his petition at the prima

5

facie stage and that the court should have held an evidentiary hearing because although he was the driver who crashed into another car causing the death of two individuals, the jury never found he was a major participant who acted with reckless indifference to human life in the underlying felony. Defendant further asserts that he can present evidence that "the jury never had the opportunity to weigh," and states that "[a]s a[n] offer of proof this evidence consists of clothing he was wearing that is different from the clothing the perpetrator of the robbery and carjacking (underlying felony) was wearing per eyewitness accounts."

A.  *Legal Background*

In *Wende*, our Supreme Court held that "Courts of Appeal must conduct a review of the entire record whenever appointed counsel submits a brief on direct appeal which raises no specific issues or describes the appeal as frivolous." (*Delgadillo*, *supra*, 14 Cal.5th at p. 221.) The *Wende* procedure applies "to the first appeal as of right and is compelled by the constitutional right to counsel under the Fourteenth Amendment of the United States Constitution." (*Delgadillo*, at p. 221.)

In *Delgadillo*, *supra*, 14 Cal.5th 216, the Supreme Court held that the *Wende* independent review procedure is not constitutionally required in an appeal from a postconviction order denying a section 1172.6 petition for resentencing because the denial does not implicate a defendant's constitutional right to counsel in a first appeal as of right. (*Delgadillo*, at pp. 222, 224-226.) The court further found that general due process principles regarding fundamental fairness do not compel a *Wende* independent

6

review. (*Delgadillo*, at pp. 229-232.) However, the court explained that if a no-issues brief is filed in a section 1172.6 appeal and the defendant then "files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Id.* at p. 232.) We are not required to conduct "an independent review of the entire record to identify unraised issues" but may do so at our discretion. (*Ibid.* ["While it is wholly within the court's discretion, the Court of Appeal is not barred from conducting its own independent review of the record in any individual section 1172.6 appeal."])

Murder is the unlawful killing of a human being with malice aforethought. (§ 187, subd. (a).) "'Under the felony-murder doctrine as it existed at the time of [defendant's] trial, "when the defendant or an accomplice kill[ed] someone during the commission, or attempted commission, of an inherently dangerous felony," the defendant could be found guilty of the crime of murder, without any showing of "an intent to kill, or even implied malice, but merely an intent to commit the underlying felony." [Citation.] Murders occurring during certain violent or serious felonies were of the first degree, while all others were of the second degree. [Citations.]' [Citation.]" (*People v. Wilson* (2023) 14 Cal.5th 839, 868.)

Senate Bill No. 1437 limited accomplice liability under the felony-murder rule and eliminated the natural and probable consequences doctrine as it relates to murder to ensure a person's sentence is proportionate with his or her individual criminal culpability. (*People v. Gentile* (2020) 10 Cal.5th 830, 842-843; *People v. Lewis* (2021) 11 Cal.5th

7

952, 957, 971 (*Lewis*).) Senate Bill No. 1437 did this by amending section 188, which defines malice, and section 189, which defines the degrees of murder and limits the circumstances under which a person may be convicted of felony murder. (Stats. 2018, ch. 1015, §§ 2 & 3; see *Lewis*, at pp. 957, 959.) Under sections 188 and 189, as amended, murder liability can no longer be "imposed on a person who [was] not the actual killer," who "did not act with the intent to kill," or who "was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)

The Legislature also created a procedure for offenders previously convicted of felony murder or murder under the natural and probable consequences doctrine to seek retroactive relief if they could no longer be convicted of murder under the new law. (§ 1172.6, subd. (a); *Lewis*, *supra*, 11 Cal.5th at p. 959; *People v. Strong* (2022) 13 Cal.5th 698, 707-708 (*Strong*).) Under subdivision (a), "[a] person convicted of felony murder or murder under the natural and probable consequences doctrine . . . may file a petition" with the sentencing court to have his or her murder conviction vacated and to be resentenced on any remaining counts. (§ 1172.6, subd. (a).) After service of the petition, the prosecutor shall file and serve a response. The petitioner may file and serve a reply after the response is served. (§ 1172.6, subd. (c).)

After receiving a petition containing the required information, "the court must evaluate the petition 'to determine whether the petitioner has made a prima facie case for relief.'" (*Strong*, *supra*, 13 Cal.5th at p. 708, citing § 1172.6, subd. (c).) If the defendant

8

makes a prima facie showing of entitlement to relief, the court must issue an order to show cause and hold an evidentiary hearing. (§ 1172.6, subds. (c), (d)(3).) "If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." (§ 1172.6, subd. (c).) A trial court's failure to follow the procedures enacted in section 1172.6 is analyzed for prejudice under the state law standard of *People v. Watson* (1956) 46 Cal.2d 818, 836. (*Lewis*, *supra*, 11 Cal.5th at pp. 973-974.)

We review de novo a trial court's denial of a section 1172.6 petition at the prima facie stage. (*People v. Lopez* (2022) 78 Cal.App.5th 1, 14.)

B. *Analysis*

In *Lewis*, our Supreme Court held, "[t]he record of conviction will necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis*, *supra*, 11 Cal.5th at p. 971.) To be eligible for relief under section 1172.6, the petitioner must make a prima facie showing that he or she "could not presently be convicted of murder . . . because of changes to [s]ection 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(3).)

Here, the trial court correctly denied defendant's petition because the record established he was convicted on a theory of murder that remains valid notwithstanding Senate Bill No. 1437's amendments to sections 188 and 189. Specifically, the record of conviction reveals that defendant was convicted under the felony-murder rule for the

9

deaths that occurred in defendant's perpetration of the robbery and carjacking. As defendant admits in his supplemental brief, he was the sole driver of the carjacked vehicle that crashed into another vehicle causing the death of two of the occupants. Because defendant's conviction was based on the felony-murder rule, defendant's petition would establish a prima facie case for relief unless the record conclusively establishes that one of the listed exceptions in section 189, subdivision (e), applies to his case. The trial court ruled that the record of conviction conclusively established that defendant was the actual killer of the two occupants under section 189, subdivision (e)(1), and thus defendant is not entitled to relief as a matter of law. The jury instructions contained no reference to an accomplice. "As amended by Senate Bill No. 1437, the text of section 189 provides no additional or heightened mental state requirement for the 'actual killer' prosecuted under a felony-murder theory; it requires only that '[t]he person was the actual killer.' [Citation.]" (*People v. Garcia* (2022) 82 Cal.App.5th 956, 967.)

The purpose of the statute was "'to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' [Citation.]" (*People v. Cervantes* (2020) 46 Cal.App.5th 213, 221.) As the sole and actual killer of the two occupants of the vehicle defendant struck, defendant is ineligible for resentencing under section 1172.6 as a matter of law. (§ 189, subds. (a) & (e)(1); see *People v. Hurtado* (2023) 89 Cal.App.5th 887, 889 [petitioner ineligible as a matter of

10

law as he was the only person who committed the crime for which a jury found him guilty beyond a reasonable doubt]; *Delgadillo*, *supra*, 14 Cal.5th at p. 233 [affirming trial court's denial of a section 1172.6 petition at the prima facie stage because "the record here makes clear that [the defendant] was the actual killer and the only participant in the killing"].)

Furthermore, defendant may not use the procedures set forth in section 1172.6 to relitigate his conviction or the underlying trial. Accordingly, we reject defendant's claims related to his conviction and the underlying trial.

The trial court correctly denied defendant's section 1172.6 petition for resentencing.

IV.

DISPOSITION

The trial court's postjudgment order denying defendant's section 1172.6 petition for resentencing is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

McKINSTER
Acting P. J.

MILLER
J.

11